[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 06-14392
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2007
THOMAS K. KAHN
CLERK

BIA Nos. A79-473-853 & A79-473-854

RAFAEL RODRIGUEZ,
ESMERALDA PIEDAD ROMERO,
MARIA ANGELICA RODRIGUEZ,
DIANA CATALINA RODRIGUEZ,

                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                        Respondent.

------------------------------------------------------------------

Petition for Review of a Decision of the
Board of Immigration Appeals

------------------------------------------------------------------

**(June 27, 2007)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Rafael Rodriguez, his wife Esmeralda Piedad Romero, and their two daughters Maria Angelica Rodriguez and Diana Catalina Rodriguez, all natives and citizens of Colombia, petition for review of the order of the Board of Immigration Appeals ("BIA") that adopted and affirmed the decision of the Immigration Judge ("IJ").[1] The decision denied Rodriguez's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[2] No reversible error has been shown; we deny the petition in part and dismiss it in part.

We review only the decision of the BIA, except to the extent that it expressly adopts the opinion of the IJ. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. We review factual determinations -- including the determination that an alien is unentitled to asylum -- under the substantial evidence test. Sepulveda, 401 F.3d at 1230; Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "Under this highly

---

[1]Rodriguez included his wife and children as derivatives in his asylum application. We refer only to Rodriguez in this opinion; but our decision about Rodriguez also applies to his wife and children.

[2]On appeal, Rodriguez does not offer argument on the denial of CAT relief; therefore, this claim is abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons issue by failing to offer argument on that issue).

deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation and alteration omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien may obtain asylum if he is a "refugee": a person unable or unwilling to return to his country of nationality, and who is unable or unwilling to avail himself of the protection of that country, "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion and membership in a particular social group. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence.[3] Al Najjar, 257 F.3d at 1284.

Rodriguez argues that he has established past persecution based on a protected ground because he was threatened repeatedly by the Revolutionary Armed Forces of Colombia ("FARC") in person and over the telephone and, on

___

[3]We have noted that "only in a rare case does the record compel the conclusion that an applicant for asylum suffered past persecution or has a well-founded fear of future persecution." Silva v. U.S. Attorney Gen., 448 F.3d 1229, 1239 (11th Cir. 2006).

one occasion, was detained by the FARC for two hours. Rodriguez contends that the FARC threatened him because he supported the Liberal Party as well as Colombia's fish hatchery industry, which provided opportunities for peasants and reduced their interest in joining the FARC. On the IJ's and BIA's conclusion that Rodriguez failed to show that he was unable to avail himself of the protection of his country, Rodriguez contends that he attempted to file a police report but was unsuccessful in receiving police assistance because he could not name the persons who had threatened or detained him.

We conclude that substantial evidence supports the determination that Rodriguez did not meet his burden of showing that he was a refugee. See 8 U.S.C. § 1101(a)(42)(A). Although Rodriguez testified that he approached the police one time after being threatened by the FARC, he never identified the perpetrators to the police, even after Rodriguez saw and recognized one of the perpetrators on a second occasion. Rodriguez asserts that he was unable to give the police the names of his perpetrators; but he has not shown -- nor even asserted -- that he attempted to provide Colombian authorities with other information that could be used to identify the perpetrators. Rodriguez has not demonstrated that the police were unwilling to assist him. Therefore, the record does not compel the conclusion that Rodriguez was a refugee on the basis of past persecution.

4

Substantial evidence also supports the determination that Rodriguez did not have an objectively reasonable fear of future persecution. After Rodriguez came to the United States in January 2001, he voluntarily returned to Colombia just two months later to continue supporting fish hatchery projects there. He applied for asylum after arriving in the United States for the second time in May 2001. And, as the BIA discussed, the record does not show that the FARC would continue to pursue Rodriguez many years after the group last threatened him. See Sepulveda, 401 F.3d at 1232 ("Although the evidence shows Sepulveda exercised leadership in the nonviolence movement while a university student, . . . the evidence does not indicate her notoriety as an activist would outlast her four-year absence from Colombia."). Rodriguez has failed to establish that he has a well-founded fear of future persecution in Colombia.

Therefore, the evidence does not compel us to conclude that Rodriguez is eligible for asylum; and we deny the petition for review on this claim. Because Rodriguez has not satisfied the less stringent standard for asylum, we also deny his petition for review of his claim for withholding of removal. See Zheng v. U.S. Attorney Gen., 451 F.3d 1287, 1292 (11th Cir. 2006).

Rodriguez next argues -- for the first time -- that the IJ violated his due process right to a full and fair hearing because the IJ's statements at the asylum

5

hearing indicated that she was biased against Rodriguez and did not fully analyze his claims. Because Rodriguez failed to present his due process claim to the BIA, and therefore failed to exhaust his administrative remedies on this claim, we lack jurisdiction to consider it. See Amaya-Artunduaga v. U.S. Attorney Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (explaining that an alien's "allegation of a due process violation -- that he was denied a full and fair hearing before a neutral factfinder -- is precisely the kind of procedural error which requires exhaustion"). Therefore, we dismiss this part of the petition for review.

PETITION DENIED IN PART, DISMISSED IN PART.